**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**Tiffany E.V. MOORHEAD**

**Plaintiff,**

**v.**

**Charles C. and Shelley MOORHEAD,**

**Defendants.**

**1:19-cv-00009-GWC**

**TO: Jeffrey B.C. Moorhead, Esq.**
**Nathan Mirocha, Esq.**

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND REMAND IN PART**

THIS MATTER is before the Court upon Defendants' Motion to Dismiss and Remand this Matter to the Superior Court (ECF No. 84). Plaintiff filed a response in partial opposition (ECF No. 87).

Defendant moves this Court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(h)(3), arguing that there is no federal question raised, nor any true diversity between the parties since defendant USA was dismissed on November 29, 2019 (ECF No. 33). *See* Mot. Plaintiff requests that the Court deny Defendants' motion to dismiss but has no objection to remanding this matter to the Superior Court. *See* Opp'n.

This case was originally filed in the Superior Court of the Virgin Islands and removed to this Court (ECF No. 1). A court will remand a removed case "if at any time before final judgment, it appears that the district court lacked subject matter jurisdiction."

28 U.S.C. 1447(c). Finding no true diversity between the remaining parties, this Court finds that remand in the above-captioned case is appropriate.[1]

"The 'law of the case' doctrine provides 'that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Bailey v. Viacom Inc.*, 435 Fed.Appx. 85, 91 (2011) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). "[O]rders issued by a federal district court after removal but before remand do not simply disappear following remand," but remain in effect following remand. *Abednego v. St. Croix Alumina, LLC*, 63 V.I. 153, 177 (2015). Thus, all of this Court's orders remain in full force and effect upon remand to the Superior Court of the Virgin Islands.[2]

Accordingly, it is now hereby **ORDERED**:

1. Defendants' Motion to Dismiss and Remand this Matter to the Superior Court (ECF No. 84) is **GRANTED** in part;
2. The Clerk of Court is instructed to **REMAND** the above-captioned matter to the Superior Court of the Virgin Islands; and
3. The Clerk of Court is directed to mark this case **CLOSED**.

---

[1] Remand will close the above-captioned case in this Court, so dismissal is inapt. Thus, the motion will be granted in part to order remand.

[2] The Court specifically notes its August 19, 2019 Order directing the sale of the property at 48 King Street (ECF No. 15) remains in full force and effect and must be acknowledged by the Superior Court.

ENTER:

Dated: October 28, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE